**FILED**
JAN 2 9 2010
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Andre J. Twitty, | |
| Petitioner, | |
| v. | Civil Action No. 10 0174 |
| Eric Holder et al., | |
| Respondents. | |

## MEMORANDUM OPINION

Petitioner Andre J. Twitty has filed an application to proceed in forma pauperis and a pro se petition for a writ of habeas corpus. The application will be granted and the petition will be dismissed.

Twitty is a prisoner under sentence imposed by the United States District Court for the Northern District of Georgia. He is currently incarcerated at the United States Penitentiary in Florence, Colorado. His incoherent petition briefly references several legal topics such as jurisdiction, estoppel, and the breadth of the writ of habeas corpus, but does not indicate how these subjects relate to his case. Conclusorily stating that it is the "courts themselves that have rendered all of petitioner's prior attempts 'inadequate and ineffective,'" he alleges generally that his conviction was fraudulently obtained. Pet. at 3. Twitty concludes that he has "presented more than enough evidence to establish his actual innocence that entitles him to immediate release." *Id.* at 5 (punctuation altered).

As a federal prisoner, Twitty's challenge to his conviction and detention must first be exhausted as a motion under 28 U.S.C. § 2255 lodged with the sentencing court; only thereafter,

and only if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, the challenge may be brought under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian. *See* 28 U.S.C. § 2255; *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 (D.D.C. 1995) ("[A] decision on a § 2255 motion is ordinarily required before a federal court will entertain a habeas petition."); *Chatman-Bey*, 864 F.2d at 810 "[A] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. . . . It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner.") (internal quotation marks and citations omitted). It appears that Twitty is well aware of these remedies. *See Twitty v. Wiley*, 332 Fed. Appx. 523 (10th Cir. 2009) (noting that since his conviction by jury in 1999, "Twitty has . . . filed numerous petitions for relief under 28 U.S.C. §§ 2241 and 2255."). As this Court does not have personal jurisdiction over Twitty's immediate custodian, it does not have jurisdiction over this habeas petition. Accordingly, the petition will be dismissed for lack of jurisdiction.

A separate order of companies, this memorandum opinion.

Date: Jan. 18, 2010

United States District Judge